# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

| | | |
|---|---|---|
| PENNY GUSTAFSON, | : | No. 102 WAL 2024 |
| | : | |
| Respondent | : | |
| | : | Petition for Allowance of Appeal |
| | : | from the Order of the |
| v. | : | Commonwealth Court |
| | : | |
| | : | |
| | : | |
| AMERICAN FEDERATION OF STATE, | : | |
| COUNTY, AND MUNICIPAL EMPLOYEES, | : | |
| COUNCIL 13; AMERICAN FEDERATION | : | |
| OF STATE, COUNTY, AND MUNICIPAL | : | |
| EMPLOYEES, DISTRICT COUNCIL 83; | : | |
| AND AMERICAN FEDERATION OF | : | |
| STATE, COUNTY, AND MUNICIPAL | : | |
| EMPLOYEES, LOCAL 2047, | : | |
| | : | |
| Petitioners | : | |

## ORDER

**PER CURIAM**

**AND NOW**, this 6th day of August, 2024, the Petition for Allowance of Appeal is **GRANTED**. The issues, rephrased for clarity, are:

(1) Whether the Commonwealth Court's decision below is contrary to this Court's ruling in *Martino v. Transport Workers Union*, 480 A.2d 242 (Pa. 1984)?

(2) Whether, in a duty of fair representation claim, Section 1101.903 of PERA requires arbitration when plaintiff-employee received relief through the grievance process and the action for damages against the union requires the trial court to evaluate what the employee is entitled to under the collective bargaining agreement?

(3) Whether, in a duty of fair representation claim, a public sector employer is an indispensable party when the employee's requested remedy requires the

trial court to evaluate what the employee is entitled to under the collective bargaining agreement?